UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANGEL Y. PASCHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-330-RLJ-HBG |
| | ) | |
| CITIMORTGAGE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

This case comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Motion and Application To Proceed *In Forma Pauperis*, which has been filed in the above case on August 1, 2017. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. The document labeled in CM/ECF as "Complaint" in this matter, in fact, is not a Complaint. It is purported "Notice of Appeal" [Doc. 2]. For the reasons more fully stated below, the Court finds that the Plaintiff should be allowed to file the "Complaint" without prepayment of costs, but the Court **RECOMMENDS** that the "Complaint" be **DISMISSED** for jurisdictional deficiencies and pursuant to 28 U.S.C. § 1915(e)(2).

## I. FILINGS AND ALLEGATIONS

The Plaintiff has filed an application to proceed *in forma pauperis*, with the required detailing of financial condition. The application demonstrates that the Plaintiff has little income and no assets.

In the "Complaint", filed on August 1, 2017, the Plaintiff attempts to file a Notice of Appeal

of an adverse judgment entered in the Chancery Court for Knox County, Tennessee. The attempted appeal is to "the United States Court of Appeals for the Sixth Circuit" [Doc. 2].

## II. ANALYSIS

### A. Jurisdiction

Federal courts are courts of limited jurisdiction. Congress has conferred upon this Court, and other federal courts, the jurisdiction to hear only two types of civil cases: those arising under the United States Constitution and the laws and treaties of the United States, *see* 28 U.S.C. § 1331, and those cases in which the amount in controversy exceeds $75,000.00 and the parties are diverse, *see* 28 U.S.C. § 1332.

The Plaintiff has alleged no cause of action arising out of a law of the United States, nor has the Plaintiff's filing stated a claim under diversity jurisdiction.

### B. Indigency and Failure to State a Claim

In addition to federal jurisdiction standards, applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915 if the litigation is frivolous and malicious or fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

**1. Indigence**

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, the Plaintiff's Application to Proceed Without Prepayment of Fees and Plaintiff's economic status has been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears that Plaintiff's application sets forth grounds for so proceeding. The Application to Proceed *In Forma Pauperis* and Application to Proceed Without Prepayment of Fees are, therefore, **GRANTED**.

The Clerk is **DIRECTED** to file the "complaint" in this case without prepayment of costs or fees. *See Gibson*, 915 F.2d at 262-63. **The Clerk SHALL NOT issue process, however, at this time.**

**2. Merits**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S.

319.[1]

**Failure to State a Claim Upon Which Relief Can Be Granted**

As the Court previously noted, though the Court has construed the "Complaint" liberally, the Court finds that there is no allegation of federal jurisdiction contained therein. The Plaintiff's filing is not a complaint, it is a purported Notice of Appeal to the Sixth Circuit from a judgment rendered by the Chancery Court of Knox County, Tennessee. This Court has no jurisdiction to accept such a pleading or even consider such a filing as a federal cause of action.

Accordingly, the "Complaint" in this matter fails to state a claim, and this Court is without jurisdiction. The Plaintiff's proper course of action, if not satisfied with the Chancery Court's Judgment, is to file an appeal with the Court of Appeals of the State of Tennessee.

## III. CONCLUSION

In sum, the Court finds the Plaintiff's motion and application to proceed *in forma pauperis* to be well-taken, and the Clerk is **DIRECTED** to file the "Complaint" in this case without prepayment of costs or fees. No process shall issue, however, until the District Judge has ruled

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa.) (1997).

upon this Report and Recommendation,[2] because it is **RECOMMENDED**[3] that the “Complaint” [Doc. 2] be **DISMISSED** due to lack of federal jurisdiction.

Respectfully submitted,

United States Magistrate Judge

---

[2] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court’s order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).